Informal Opinion No. 98-23 Dennis Metnick, Esq. Town Attorney Town of Middletown P. O. Box 577 Margaretville, N Y 12455
Dear Mr. Metnick:
You serve as the town attorney for the Town of Middletown. You have asked whether you also may serve on the board of directors of the town's local development corporation. In addition, you have asked whether two newly-elected town board members may serve on the corporation's board of directors.
In your request and in a subsequent telephone conversation, you have stated that the local development corporation has fifteen members on its board of directors, all of whom are nominated by the corporation's nominating committee and appointed upon the approval of the board of the corporation. You also have advised us that the local development corporation, which seeks to enhance housing and economic development in the community, receives most of its funding from the State Division of Housing and Community Renewal. The town provides approximately 5% of the local development corporation's funds.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
We conclude that the positions of town attorney and director of the local development corporation are compatible. The office of town board member also is compatible with the director position. Because the town government does not appoint or approve directors or otherwise oversee or control the activities of the local development corporation, the directors are not subordinate to either the town board members or the town attorney. The offices and positions thus are not incompatible on that ground. Nor does there appear to be an inherent inconsistency between the position of director and the office of town board member or town attorney. The town and the corporation are separate legal entities. The town contributes only a minimal amount of money to the corporation. Because the purpose of the corporation is to benefit the town's residents, the interests of the corporation and the town government would appear to be consistent.
You should be aware that conflicts of interest may arise, particularly if the town and the corporation enter into contracts with each other. Under those circumstances and if, for example, the local development corporation was to pursue a project that required town board approval, the town attorney and the town board members should recuse themselves from participating in the transaction on behalf of either the town or the corporation.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General